UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERT WAYNE MITCHELL, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:14-CV-1106 |
| | § | |
| WILLIAM STEPHENS, | § | |
| | § | |
| Defendant. | § | |

## OPINION ON DISMISSAL

Plaintiff Robert Wayne Mitchell, a state inmate confined in the Texas Department of Criminal Justice - Correctional Institutions Division's (TDCJ-CID) Jester III Unit, filed a *pro se* civil rights suit challenging his medical treatment.[1]  (Docket No. 2.)  The only named Defendant is William Stephens, Director of TDCJ-CID.  Plaintiff has also filed a motion to proceed *in forma pauperis* (Docket No. 6) and a motion to proceed as a veteran (Docket No. 7).

Under 28 U.S.C. § 1915(g), a prisoner cannot file a civil action *in forma pauperis* in federal court if, on three or more prior occasions, while incarcerated, he brought an action that was dismissed for being frivolous, malicious, or failing to state a claim upon which relief may be granted.  The only exception to this revocation of an inmate's privilege to proceed *in forma pauperis* is if he is in immediate danger of serious physical harm.  *Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998).

Court records shows that Plaintiff is subject to the three-strikes bar under Section 1915(g) because he has previously filed at least three cases or appeals in the federal courts that were

---

[1] Plaintiff's claims were originally presented in a motion for a preliminary injunction in a closed habeas corpus proceeding in the United States District Court for the Northern District of Texas.  *Mitchell v. Stephens*, No. 3:14-cv00965-P (N.D. Tex.—Dallas, filed 2/21/14).  That court ordered that the motion be filed as a civil rights complaint in a new case which was subsequently transferred to this court on April 21, 2014.  (Docket No. 8.)

dismissed as frivolous or for failure to state a claim.  *See Mitchell v. Brown*, No. 6:94-cv-714 (E.D. Tex) (dismissed as frivolous Jun. 15, 1995); *Mitchell v. Brown*, No. 95-40513 (5th Cir.) (affirming dismissal of 6:94-cv-714 as frivolous Dec. 20, 1995); *Mitchell v. Benge*, 6:94-cv-1016 (E.D. Tex.) (dismissed as frivolous Jul. 25, 1995).

Because Plaintiff is subject to the three-strikes bar he cannot proceed *in forma pauperis* under 28 U.S.C. § 1915 unless he alleges specific facts showing that he is in immediate danger of serious physical harm.  *Banos*, 144 F.3d at 884.  Plaintiff's present complaint does not make such a showing.  Instead, Plaintiff merely complains about changes to his medication regimen and states that he is being deprived of sleep because he is required to wake up at 1:30 a.m. to take his medicine.  (Docket No. 2 at 4.)  Although Plaintiff states that he suffers from diabetes and high blood pressure, he does not allege any facts showing that these conditions are not being properly treated or that he is in any immediate danger.  (Id.)  Thus, Plaintiff's allegations are insufficient to overcome the three-strikes bar.

Plaintiff's motion to proceed as a veteran is also unavailing.  Plaintiff's motion relies upon Rule 40.1 of the Rules of the Supreme Court of the United States, which provides, "A veteran suing under any provision of law exempting veterans from the payment of fees or court costs, may proceed without prepayment of fees or costs or furnishing security therefore . . . ."  S. Ct. R. 40.1.  However, Plaintiff has not shown that his present suit is brought under any provision of law exempting veterans from payment of fees or court costs.  Instead, Plaintiff's complaint is brought under 42 U.S.C. § 1983, which does not include any such veterans exception.  Although some courts, consistent with the Supreme Court's approach, have waived filing fees for veterans in employment discrimination suits under the Uniformed Services Employment and Reemployment Rights Act (USERRA) and its predecessor statutes, *see Gagnon*

*v. Sprint Corp.*, 284 F.3d 839, 845 n. 1 (8th Cir. 2002), *Davis v. Advocate Health Center Patient Care Exp.*, 523 F.3d 681, 684 (7th Cir. 2008), Plaintiff has not offered any legal authority or factual basis for doing so in a Section 1983 civil rights suit.

Accordingly, it is ORDERED that:

(1) Plaintiff's motion to proceed *in forma pauperis* (Docket No. 6) is DENIED.

(2) Plaintiff's motion to proceed as a veteran (Docket No. 7) is DENIED.

(3) Plaintiff's complaint is DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1915(g) subject to refiling with full payment of the $400 filing fee.

The Clerk will provide a copy of this Order to Plaintiff, to the TDCJ-Office of the General Counsel, P.O. Box 13084, Capitol Station, Austin, TX  78711, Fax 512-936-2159; and to the Clerk of the United States District Court for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention:  Betty Parker, Three-Strikes List Manager.

SIGNED at Houston, Texas, this 24th day of April, 2014.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE